UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **BAYSHORE RECYCLING CORPORATION,**<br><br>  Plaintiff,<br><br>  v.<br><br>**ACE AMERICAN INSURANCE COMPANY,**<br><br>  Defendant. | Case No. 19-cv-21618-MCA-ESK<br><br>**OPINION AND ORDER** |

**Kiel, United States Magistrate Judge**

**THIS MATTER** having come before the Court on defendant's request to stay plaintiff's claim for bad faith (the "Motion"), and the Court having reviewed the parties' submissions (ECF Nos. 9, 11, and 13), decides the Motion on the papers and without argument pursuant to Federal Rule of Civil Procedure (the "Rules") 78.  For the reasons that follow, and for good cause shown, defendant's request for a stay of plaintiff's bad faith claim pending resolution of plaintiff's insurance claim for coverage is GRANTED.

Plaintiff brings this insurance coverage action against defendant seeking, *inter alia*: (1) a judgment declaring that it is entitled to recover under an insurance policy (the "Policy") that has been issued by defendant to plaintiff, (2) damages for its breach of contract claim, and (3) punitive damages for its bad faith claim. (Complaint ("Compl.") at ¶ 1.) Defendant seeks to sever plaintiff's bad faith claim and stay discovery as to that claim

pending resolution of plaintiff's claim for coverage under the Policy. (Defendant's February 18, 2020 Brief, p. 6; ECF No. 9, p. 10.)

## LEGAL ANALYSIS

Rule 21 provides courts with the authority to sever and stay claims for pretrial proceedings or trial in the interests of justice and efficiency. Fed.R.Civ.P. 21; *Rodin Props.-Shore Mall, N.V. v. Cushman & Wakefield of Pa., Inc.*, 49 F.Supp.2d 709, 721 (D.N.J. 1999). The factors used to determine whether severance is appropriate include: (1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting severance will be prejudiced if it is not granted. *Picozzi v. Connor,* No. 12-04102, 2012 WL 2839820, at *6 (D.N.J. July 9, 2012) (internal quotations and citation omitted).

The Court has broad discretion in deciding whether to sever a claim under Rule 21. *See Riverview Towers Apartment Corp. v. QBE Ins. Corp.*, No. 14-06744, 2015 WL 1886007, at *1 (D.N.J. Apr. 17, 2015). With requests to sever bad faith claims from first-party coverage claims, "this Court has refused to adopt a blanket rule that a plaintiff's bad faith claim should be severed in every coverage case.[…] Every case is different and must be decided on its own facts." *Ames v. USAA Life Ins. Co*., No. 18-09865, 2018 WL 5634684, at *2 (D.N.J. Oct. 31, 2018).

### I. ARE THE ISSUES SOUGHT TO BE LITIGATED SEPARATELY SIGNIFICANTLY DIFFERENT FROM ONE ANOTHER?

Plaintiff contends its breach of contract claim and request for declaratory judgment are not significantly different from its bad faith claim, and that the three causes of action all deal with the handling of the underlying insurance claim. (Plaintiff's March 3, 2020 Brief, p. 10; ECF No. 11, p. 14). Plaintiff alleges that defendant misrepresented the meaning of certain provisions of the Policy, failed to acknowledge and act reasonably promptly concerning the insurance claims, failed to conduct a meaningful and timely investigation, failed to advise of available coverage, and compelled plaintiff to start this lawsuit to obtain coverage under the Policy. (Compl., ¶ 63.) These alleged wrongdoing acts, however, are not relevant to whether there is coverage under the Policy.

The "breach of insurance contract claims concern policy coverage while bad faith claims concern the insurer's general claims handling procedures, its claims conduct in the case at issue, and its knowledge and state of mind about the grounds for denial of coverage." *Spectrum Data Sys., LLC v. State Farm Ins. Co.*, No. 18-10318, 2019 WL 259605, at*2 (D.N.J. Jan. 18, 2019) (internal quotations, alterations, and citation omitted). In this case, viewing plaintiff's claims as separate and distinct actions "promotes judicial efficiency and economy." *Wadeer v. N.J. Mfrs. Ins. Co.*, 220 N.J. 591, 610 (2015); *see also Nelson v. State Farm Mut. Auto. Ins. Co.*, 988 F.Supp. 527, 530 (E.D. Pa. 1997) (bad faith claims are "separate and distinct" from underlying contract action).

The first factor weighs in favor of severance.

## II. DO SEPARABLE ISSUES REQUIRE THE TESTIMONY OF DIFFERENT WITNESSES AND DIFFERENT DOCUMENTARY PROOF?

Plaintiff's contract and declaratory judgment claims will require the testimony of different witnesses and different documentary proof from the bad faith claim. Discovery relating to claims personnel, claims handling procedures and guidelines, and best practices is not directly relevant to the contract claims in Count I and Count II. Further, "[p]laintiff's bad faith discovery distracts from, and will undoubtedly delay, the resolution of the primary focus of the case, i.e., whether plaintiff's . . . claim should be paid." *Ames*, 2018 WL 5634684, at *3; *see also Fed. Ins. Co. v. Cont'l Cas. Co.,* No. 05-00305, 2006 WL 1344811, at *1 (W.D. Pa. May 16, 2006) ("it just makes good common sense to resolve the declaratory judgment claims first because . . . [these] are the only claims that are susceptible to judicial resolution as a matter of law and with little or no discovery necessary.")

The second factor weighs in favor of severance.

## III. WILL THE PARTY OPPOSING THE STAY BE PREJUDICED IF IT IS GRANTED?

Plaintiff will not be prejudiced if its bad faith claim is severed and stayed. Plaintiff argues it would be prejudiced because a stay would prolong resolution of the case. This may be true. But the bad faith claim will be moot if defendant defeats plaintiff's breach of contract claim. Thus, the bad faith claim should necessarily abide the resolution of the insurance coverage claim.

The third factor weighs in favor of severance.

### IV.  WILL THE PARTY REQUESTING SEVERANCE BE PREJUDICED IF IT IS NOT GRANTED?

Defendant, on the other hand, will be prejudiced if it is required to litigate the bad faith claim before plaintiff's insurance coverage claim is resolved. Judicial economy and efficiency will be promoted by avoiding potentially expensive and time-consuming discovery on the bad faith claim. Plaintiff's coverage claim should be the focus of the case at this time. If the coverage claim is resolved in plaintiff's favor, then the parties can promptly turn to plaintiff's bad faith claim.

The fourth factor weighs in favor of severance.

Case 2:19-cv-21618-MCA-ESK   Document 18   Filed 04/27/20   Page 6 of 6 PageID: 350

## **CONCLUSION**

For the foregoing reasons, defendant's request to stay certain claims is granted. An appropriate Order follows.

IT IS on this **14th** day of **April 2020 ORDERED** that:

1. The part of defendant's Motion seeking a stay of the bad faith claim pending resolution of plaintiff's claim for coverage (**ECF No. 9**) is **GRANTED**.

2. The bad faith claim is stayed.

3. The part of defendant's motion seeking dismissal of the bad faith claim is denied without prejudice, with leave to defendant to move to dismiss this claim at the appropriate juncture.

4. The Clerk shall **TERMINATE** the Motion under **ECF No. 9**.

　　　　　　　　　　　　　　　　　　 */s/ Edward S. Kiel*
　　　　　　　　　　　　　　　　　　**Edward S. Kiel**
　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

6